**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COLLEEN M. PERRY and PATRICK PERRY,<br><br>       Plaintiffs,<br><br>   v.<br><br>HUNG T. LUU, M.D.; JOHNSON & JOHNSON, A NEW JERSEY CORPORATION, INC.; ETHICON, INC., A NEW JERSY CORPORATION; AND DOES 1 TO 60,<br><br>       Defendants. | Case No.: 1:13-cv-00729 - AWI - JLT<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO REMAND<br><br>(Doc. 7)<br><br>ORDER DENYING DEFENDANTS' MOTION TO STAY AS MOOT |

Defendants Johnson & Johnson and Ethicon, Inc. (collectively, "Defendants") removed this action, asserting the Court has jurisdiction because Defendant Luu was fraudulently misjoined. Defendants request the Court stay the action pending a determination by the Judicial Panel on Multidistrict Litigation. (Doc. 4)

Plaintiffs Colleen Perry and Patrick Perry oppose the entry of a stay. (Doc. 10). Plaintiffs argue this Court lacks diversity jurisdiction because Defendant Luu, a citizen of California, is properly joined. Thus, Plaintiffs seek a remand of the action to Kern County Superior Court. (Doc. 7).

For the reasons set forth below, Plaintiffs' motion to remand is **GRANTED**, and Defendants' motion to stay is **MOOT**.

///

## I. Factual and Procedural Background

Plaintiffs filed a complaint in Kern County Superior Court, Case No. S-1500-CV-279123, on April 11, 2013.[1] (Doc. 1-4, Exh. A). Plaintiffs alleged Ethicon and Johnson & Johnson designed, manufactured, packaged, labeled, marketed, sold, and distributed a poloprophylene mesh vaginal implantation known as Gynecare TVT Abbrevo or the "Sling System." (Doc. 1-4 at 12, ¶11). Plaintiffs assert the Sling System "has high failure, injury, and complication rates, fails to perform as intended, and requires frequent and often debilitating revision surgeries, and has caused severe and irreversible injuries, conditions, and damage to a significant number of women, including Plaintiff [Mrs. Perry]." (*Id.* at 13, ¶16).

According to Plaintiffs, the Food and Drug Administration "issued a Public Health Notification that described over a thousand (1,000) complaints (otherwise known as 'adverse events') that had been reported over a three-year period relating to the Sling System and other similar products." (Doc. 1-4 at 14, ¶19). Plaintiffs allege the FDA issued a Safety Communication on July 12, 2011, in which the FDA "concluded that serious complications associated with surgical mesh for transvaginal repair of pelvic organ prolapse were 'not rare.'  (*Id.* at ¶20). Plaintiffs assert Defendants "suppressed this information and failed to accurately and completely disseminate or share this and other information with others including Plaintiff," and "failed to provide sufficient warnings and instructions that would have put Plaintiff . . . on notice of the dangers and adverse effects caused by implantation of the Sling System." (*Id.* at 14, 16 ¶¶22, 34).

Plaintiffs allege that "prior to March 23, 2011, "Defendant Luu knew or should have known, the Sling System had high failure, injury, and complication rates, failed to perform as intended, required frequent and often debilitating additional surgeries, and has caused severe and irreversible injuries, conditions, an damage to significant number of women." (Doc. 1-4 at 16, ¶37). However, Dr. Luu

---

[1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). Court records are sources whose accuracy cannot reasonably be questioned. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D. Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir. 1981); *see also Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989). Accordingly, judicial notice is taken of the complaint filed in Kern County Superior Court, Case No. S-1500-CV-279123.

"recommended the Sling System to [Mrs. Perry] as appropriate and safe." (*Id.* at 15, ¶39). Mrs. Perry was implanted with the Sling System on March 23, 2011. (*Id.* at ¶40). According to Plaintiffs, "As a result of the implantation of the Sling System, [Mrs. Perry] suffered and will continue to suffer serious bodily injuries, including pain, discomfort, pressure, difficulty voiding urine, continued incontinence, discharge, scarring, infection, odor, and bleeding." (*Id.* at ¶42). Further, Plaintiffs allege Mr. Perry has suffered a loss of consortium. (*Id.* at ¶43).

For the foregoing, Plaintiffs raise the following causes of action: (1) medical malpractice against Dr. Luu; (2) failure to warn, (3) design defect, (4) negligence, (5) negligent failure to recall, and (6) negligent misrepresentation against Ethicon and Johnson & Johnson; and (7) loss of consortium against all defendants. (*See generally* Doc. 1-4 at 17-25).

Defendants Ethicon and Johnson & Johnson filed a Notice of Removal of the action on May 16, 2013, thereby initiating the action in this Court. (Doc. 1). Defendants asserted "Dr. Luu's consent to remove [was] not necessary because he is fraudulently misjoined in this action." (*Id.* at 2-3, 6) (citing *Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 at n.1 (9th Cir. 1988); *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996)). Accordingly, Defendants contend the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 "because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs." (*Id.* at 3).

The Judicial Panel on Multidistrict Litigation has established several Multidistrict Litigation proceedings for mesh products, including the product identified in Plaintiff's complaint. On February 7, 2012, the JPML issued a Conditional Transfer Order centralizing actions related to pelvic mesh products in the Southern District of West Virginia before the Honorable Joseph Goodwin in MDL No. 2327 for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *In re: American Medical Systems, Inc., Pelvic Repair System Productions Liability Litigation*, 844 F.Supp.2d 1359, 1362 (J.P.M.L. 2012). Defendants report: "There are now thousands of cases pending in the Ethicon MDL, including several originating in the Central District of California alleging amounts in controversy in excess of $75,000." (Doc. 1 at 5) (citing Transfer Orders entered in *Tyler v. Ethicon Inc. et al.*, No. 2:11-cv-09525 (C.D. Cal. Feb. 22, 2012); *De La Torre et al. v. Johnson & Johnson Inc. et al.*, No. 2:12-cv-01620 (C.D. Cal. Mar. 16, 2012); *Evans v. Ethicon, Inc. et al.*, No. 2:12-cv-02646

3

(C.D. Cal. Apr. 18, 2012); *Holmes v. Ethicon Inc. et al.*, No. 2:12-cv-02647 (C.D. Cal. Apr. 18, 2012)).

On May 17, 2013, Defendants filed a notice with the JPML identifying Plaintiffs' case as possible "tag-along" action to MDL No. 2327. (Doc. 5, Exh. B). The JPML determined the action "involve[s] questions of fact that are common to the actions previously transferred to the Southern District of West Virginia and assigned to Judge Goodwin." (Doc. 5, Exh. C). Accordingly, the JPML conditionally transferred Plaintiff's case to MDL No. 2327 on May 22, 2013. *Id*. Plaintiffs filed a Notice of Opposition to the Conditional Transfer Order on May 29, 2013. (Doc. 17, Ex. E). Also, Plaintiffs filed a Motion to Vacate the Conditional Transfer Order on June 10, 2013. The parties are currently awaiting a hearing date from the JPML. Defendants seek a stay of the action pending a decision by the JPML, while Plaintiffs seek a remand of the action to Kern County Superior Court.

Notably, the parties disagree whether the Court should address the matter of its jurisdiction prior to the motion to stay, or whether the issue of jurisdiction should be reserved for consideration by the MDL Panel. According to Defendants, "Courts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case." (Doc. 4-1 at 3) (quoting *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998)). Defendants note several courts stayed proceedings arising under similar circumstances. *Id.* at 4-5 (citing, *e.g.*, *Rubio v. Arndal*, 2013 WL 796669, at *2 (E.D. Cal. Mar. 4, 2013); *Nichols v. DePuy Orthopaedics, Inc.*, 2011 WL 5335619, at *2-3 (N.D. Cal. Nov. 2, 2011); *In re Vioxx Prod. Liab. Cases*, 2005 WL 6573263, at *3 (S.D. Cal. July 11, 2005). Therefore, Defendants assert "[t]he MDL court is in the best position to decide pending jurisdictional issues for purposes of judicial efficiency and consistency." *Id.* at 6 (citing *Hardin v. Merck & Co., Inc.*, 2007 WL 1056790, at *3 (N.D. Cal. April 5, 2007)).

On the other hand, Plaintiffs contend the Court should address the matter of its jurisdiction prior to deciding the Motion to Stay. Plaintiffs observe: "Without jurisdiction, the court cannot proceed at all in any case. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (Doc. 12 at 8) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). In addition, Plaintiffs note that the "[f]ederal courts normally must resolve questions of subject matter jurisdiction before reaching other threshold issues." *Id.* (quoting *Potter v. Hughes*, 546 F.3d 1051, 1061 (9th Cir. 2008). According to

Plaintiffs, the presence of the JPML's conditional transfer order "does not affect 'pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court.'" *Id.* at 9 (citing Panel Rule 2.1(d); *In Re Vioxx Prods. Liab. Litig.*, 360 F.Supp.2d 1352, 1354 (J.P.M.L. Feb. 16, 2005) ( "motions to remand… can be presented to and decided by the transferee judge.")).

Because the district courts are "court of limited jurisdiction," the Court has an obligation to assure itself of its jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 968-69 (9th Cir. 1981). The Court "should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' motion to the MDL Panel for transfer and consolidation." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997); JPML Rule 2.1(d) ("The pendency of a motion . . . [or] conditional transfer order . . . before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court"). Accordingly, the Court first considers whether it has jurisdiction in this matter.

## II. Removal to Federal Court

Pursuant to 28 U.S.C. § 1441(a), a defendant has the right to remove a matter to federal court where the district court would have original jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 286, 392 (1987). Specifically,

> Except otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331.

A party seeking removal must file a notice of removal of a civil action within thirty days of receipt of a copy of the initial pleading. *Id.* at § 1446(b). Removal statutes are to be strictly construed, *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992), and the party seeking removal bears the burden of proving its propriety. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683-85 (9th Cir. 2006); *see also Calif. ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831,

838 ("the burden of establishing federal jurisdiction falls to the party invoking the statute"). "[A]ny doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus*, 980 F.2d at 566).

The District Court has original jurisdiction over actions in which there is complete diversity of citizenship. *See* 28 U.S.C. § 1332(a). Thus, the plaintiffs must be citizens of different states than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Plaintiffs allege they and Dr. Luu are residents of the State of California while defendants Ethicon, Inc. and Johnson & Johnson are corporations organized and existing under the laws of New Jersey. (Doc. 1-4 at 10-11). Removing Defendants assert the diversity requirement of 28 U.S.C. § 1332(a) is satisfied because Dr. Luu has been "fraudulently misjoined" in the action.

### III.   Discussion and Analysis

As explained by the Ninth Circuit, an exception to the requirement for complete diversity exists when a non-diverse defendant is "fraudulently joined." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). "Fraudulent joinder is a term of art," and does not require an ill motive by a plaintiff. *Id.* Here, despite that this concept has not been approved by the Ninth Circuit Court of Appeals, Defendants urge the Court to adopt a novel doctrine for finding removal jurisdiction; "fraudulent misjoinder." For the reasons set forth below the Court declines to adopt this doctrine and finds, in any event, remand is appropriate.

The Eleventh Circuit, which examined joinder of defendants under Rule 20 of the Federal Rules of Civil Procedure, determined misjoinder of claims "may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *overruled other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000). Thus, according to *Tapscott*, fraudulent misjoinder examines the *facts* to determine whether claims against one defendant "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" or have any "real connection," while fraudulent joinder requires an examination of the *merits* to determine if the plaintiff failed to state a claim against the non-diverse defendant. *Compare Tapscott,* 77 F.3d at 1360 (quoting Fed. R. Civ. P. 20(a)*, with Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1175 (E.D. Cal. 2011)

(fraudulent joinder requires a Court to determine that "the plaintiff could not possibly recover against the party whose joinder is questioned").

District Courts within this Circuit disagree whether the concept of fraudulent misjoinder applies. This Court has issued conflicting opinions regarding whether to adopt the doctrine. *Compare Sutton v. Davol, Inc.,* 251 F.R.D. 500 (E.D. Cal. 2008) (adopting the doctrine and finding the plaintiffs' claims on strict products liability were distinct from the plaintiff's claims of medical malpractice) *with Osborn v. Metro. Life Ins. Co.*, 341 F.Supp. 2d 1123 (E.D. Cal. 2004) (rejecting the doctrine and explaining that "when considering the joinder of parties, a court should rely on Rule 20 of the Federal Rules of Civil Procedure or its state counterpart"); *see also Rubio*, 2013 WL 796669, at *2 (E.D. Cal. Mar. 4, 2013) (declining to determine whether the fraudulent misjoinder doctrine should be adopted).

The Court finds the concept of fraudulent misjoinder to be faulty. The Court is confounded by the concept's circular logic in that it requires the Court first—in full recognition of the lack of diversity jurisdiction—sever part of the case and *only then* find it has jurisdiction. However, the authority to sever misjoined claims or defendants under Rule 20 *presumes* the Court has jurisdiction to act.

Likewise, as in *Osborn*, the Court finds no need to expand removal jurisdiction in that there is no showing that the state court is incompetent to determine the issue of misjoinder. Defendants fail to offer a sufficient explanation why they could not seek severance in state court and then remove the severed portion of the litigation to federal court. Finally, the Court finds that the question of expanding removal jurisdiction based upon the novel concept of fraudulent misjoinder is more appropriately presented to Congress. Therefore, in keeping with the requirement that any doubts about federal court jurisdiction be resolved in favor of remand (*Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992)), the Court has little hesitation in concluding that the question of misjoinder in this case should be resolved in the state court.

Importantly, however, even if this Court were to adopt the doctrine of fraudulent misjoinder, the Court does not find that it would result in a finding that Dr. Luu was improperly joined in this case. In *Tapscott*, the Eleventh Circuit held the fraudulent misjoinder exception applies where a claim against a nondiverse defendant has "no real connection" with the claim against a diverse defendant. *Id.*, 77 F.3d at 1360. The plaintiffs' operative complaint sought to describe two classes of defendants: (1) those

who sold "extended service contracts in connection with the *retail products*" and (2) those who sold "service contracts in connection with the sale of *automobiles*" Id. at 1355 (emphasis in original). The court determined the alleged transactions involved in the "automobile" class were "wholly distinct" from alleged transactions involved in the "merchant" class, such that the claims were fraudulently misjoined. Id. at 1360.

Fed. R. Civ. P. 20 informs parties that defendants are not misjoined if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action."[2] Notably, matters arise out of the same transaction if they share "similarity in the factual background." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). If either prong is not satisfied, the defendants are misjoined and only in this event, may the Court consider severing them. Id.

Here, both of the plaintiffs claim damages which arise from the implantation of the allegedly defective Sling System into Mrs. Perry. (Doc. 1-4, ¶¶11, 42, 43). Regardless of the content of the warnings supplied by the removing Defendants and regardless of the advice given Mrs. Perry by Dr. Luu when they discussed implanting the device, no claim can succeed *unless* Mrs. Perry was injured by the implantation of the product. Thus, undoubtedly, the damages are claimed to arise out of the same transaction or series of transactions and there are factual questions in common between the claims against the removing defendants and Dr. Luu.

This damage question is the most obvious example of a common question but there are other substantive questions related to the product that are shared between the claims asserted against the defendants.[3] These include, for example, whether the Sling System was defective; whether the Sling System provided adequate warnings of the risks posed by the use of the product; and, whether there

---

[2] Defendants argue that the existence of the MDL should play a role in the Court's determination of fraudulent misjoinder. Thus, they add a third factor to the Fed. R. Civ. P. 20 analysis and suggest, where an MDL has been created, this should weigh in favor of misjoinder. Exactly why the creation of the MDL should be considered or why the existence of the MDL should favor a finding of fraudulent misjoinder, are arguments the strength of which the Court finds dubious.

[3] Though recognizing Mr. Perry's claims are derivative of Mrs. Perry's claims, it is notable that he asserts the exact same cause of action against every defendant. Thus, exactly why or how Mr. Perry's claims should or could be split, is not clear. For example, if his claims are split, both juries would be required to compensate him fully for the loss of consortium potentially placing him in a position to receive a double recovery.

were other risks not identified in the warnings which were knowable to the defendants at the time Mrs. Perry consented to the implantation of the device.[4] Thus, the Court concludes Plaintiffs' claims against each of the defendants share a common origin which demonstrates they have the "real connection" lacking in *Tapscott. See, e.g., Haston v. Yeo*, 2013 U.S. Dist. LEXIS 33342 (C.D. Cal. Mar. 11, 2013) (finding no fraudulent misjoinder where the plaintiff alleged claims against a physician and medical manufacturers stemmed from the injuries she suffered as a result of the physician implanting the MiniArc® Sling System). Other courts have found similarly. *Goodwin v. Kojian*, 2013 WL 1528966, at *4 (C.D. Cal. Apr. 12, 2013) (finding the plaintiffs' claims for product liability against the manufacturer and negligence against a physician "share common questions of fact and law" and "the fraudulent misjoinder doctrine would not apply to these facts"); *Watson v. Gish*, 2011 WL 2160924 at 3-4 (N.D. Cal. June 1, 2011) (same).

Thus, Defendants failed to demonstrate Plaintiffs have improperly joined the claims against Dr. Luu to the balance of this action. As a consequence, the Court lacks diversity jurisdiction.

## IV.    Conclusion and Order

Defendants have failed to carry their burden to demonstrate the Court has jurisdiction over the action. Consequently, remand of the action to Kern County Superior Court is appropriate.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion to remand (Doc. 7) is **GRANTED**;
2. Defendants' motion to stay (Doc. 4) is **MOOT**;
3. This matter is **REMANDED** to Kern County Superior Court; and
4. The Clerk of Court is **DIRECTED** to close this matter, because this Order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **July 2, 2013**                              **/s/ Jennifer L. Thurston**
                                                                          UNITED STATES MAGISTRATE JUDGE

---

[4] In fact, Plaintiffs allege the FDA has issued a health warning related to the use of the product and it is not beyond the realm of plausibility that Dr. Luu had previously implanted other devices resulting in similar bad outcomes.